**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

**TANIA VALDES**

      Plaintiff,

v.

**MANAGEMENT RESOURCES, INC.,**
d/b/a Miami Regional College,
a Florida Corporation,
**OPHELIA SANCHEZ**, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiff, TANIA VALDES ("Valdes"), under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), files this Complaint against Defendants, MANAGEMENT RESOUCRES, INC., d/b/a Miami Regional College ("MRC") and OPHELIA SANCHEZ ("Sanchez") individually, and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2.    At all material times, MRC is, and was, a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3.    At all material times, Sanchez is *sui juris* and a resident of Miami-Dade County, Florida.

4.      At all material times, Valdes is *sui juris* and a resident of Miami-Dade County, Florida.

5.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6.      This is an action for unpaid overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, § 207.

7.      Upon information and belief, the annual gross revenue of MRC was at all times material hereto in excess of $500,000.00 per annum.

8.      At all material times hereto, MRC was and continues to be an enterprise engaged in interstate commerce.

9.      At all material times hereto, MRC operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10.     As a result of the services provided by MRC, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11.     By reason of the foregoing, MRC is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12.     Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13.     Upon information and belief, Sanchez is the CEO of MRC and has economic and day-to-day control of MRC, and of the nature and structure of Plaintiff's employment relationship with MRC and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

14.     Upon information and belief, MRC employed Plaintiff for two (2) years and seven (7) months from approximately November 1, 2016 to May 3, 2019.

15.     Plaintiff was employed as an Admissions Representative.

16.     At all material times, MRC's gross annual revenues were in excess of $500,000.00.

17.     Throughout her employment with MRC, Plaintiff worked an average of sixty-eight (68) hours per week, working up to ninety (90) hours per week during enrollment season.

18.     Plaintiff worked between twenty-eight (28) to fifty (50) hours of overtime per month. Notwithstanding, Defendants failed/refused to pay to Plaintiff her overtime wages as required by the FLSA, and Florida law.

19.     Notwithstanding, Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours she worked over forty (40) hours.

20.     Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

21.     As a result of the overtime violations, Plaintiff has suffered and is entitled to unpaid wage compensation and damages.

22.     Plaintiff has complied with all conditions precedent to filing this action.

23.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

24.     On June 7, 2019, Plaintiff through her undersigned counsel, sent to MRC a written pre-suit demand regarding the violations of the overtime provisions of the FLSA and requesting Defendant to pay the amounts owed and damages, but MRC failed/refused to do so ("Demand").

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST MRC

25.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

26.     This is an action against MRC for overtime compensation pursuant to 29 U.S.C. § 216(b).

27.     Plaintiff routinely worked in excess of forty (40) hours per week for MRC.

28.     Specifically, Plaintiff worked an average of sixty-eight (68) hours per week, but worked up to ninety (90) hours per week during enrollment season.

29.     Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

30.     MRC knew or should have known that Plaintiff suffered or was permitted to work overtime for MRC as defined in 29 U.S.C. § 203(g).

31.     MRC failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

32.    At all material times, MRC knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33.    Notwithstanding, MRC intentionally and willfully violated the FLSA, as cited herein.

34.    As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT II**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**
**AGAINST SANCHEZ**

35.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

36.    This is an action against Sanchez for overtime compensation pursuant to 29 U.S.C. § 216(b).

37.    Plaintiff routinely worked in excess of forty (40) hours per week for Sanchez.

38.    Specifically, Plaintiff worked an average of sixty-eight (68) hours per week, but worked up to ninety (90) hours per week during enrollment season.

39.    Sanchez had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

40.    Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

41.    Sanchez knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

42.    Sanchez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

5

43.     At all material times, Sanchez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

44.     Notwithstanding, Sanchez intentionally and willfully violated the FLSA, as cited herein.

45.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

46.     Plaintiff hereby demands a jury trial of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tania Valdes, respectfully requests that judgment be entered in her favor against Defendants, MRC and Ophelia Sanchez, as follows:

(a)     Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wages provisions of the FLSA;

(b)     Awarding Plaintiff payment for unpaid overtime wages for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(c)     Awarding Plaintiff liquidated damages;

(d)     Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(e)     Ordering any other further relief that this Court may deem just and proper.


Respectfully submitted this 25th day of June 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172